UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRIAN A. WOLF, | Case No.: 2:19-cv-02222-APG-VCF |
| Plaintiff | **Order** |
| v. | [ECF Nos. 18, 19] |
| LVGV, LLC, | |
| Defendant | |

Plaintiff Adrian Wolf sues defendant LVGV, LLC, doing business as The M Resort Spa Casino, for injuries he sustained when he tripped and fell outside the M Resort Pavilion, which is a convention center. He contends LVGV was negligent because the area where he fell had inadequate lighting, which led him to trip over a wooden pallet on the ground. LVGV moves for summary judgment on liability, arguing that the lighting met the applicable code but that shipping containers in the area reduced the available light. LVGV contends that Wolf cannot show that LVGV placed the containers there or knew they were present. LVGV also moves for summary judgment on damages, arguing that Wolf cannot establish causation without an expert, and he has not properly designated either a retained expert or his treating physicians as non-retained experts. Wolf responds that a reasonable jury could find that LVGV placed the containers there, knew of their presence, or should have known about it. He also contends that his witness designations did not prejudice LVGV and that excluding the treating physicians from testifying would be too harsh a sanction because it would result in dismissal of his claims.

I deny LVGV's motion for summary judgment on liability because a reasonable jury could conclude that LVGV placed the containers in their locations or had notice (actual or constructive) of their presence. I grant in part LVGV's motion for summary judgment on

causation and damages.  I deny the motion to the extent it seeks to exclude the treating physicians' testimony.  But I reopen discovery for the limited purpose of allowing LVGV to conduct two depositions of treating physicians and I award LVGV reasonable fees and costs for preparing the summary judgment motion on causation and damages.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. Liability**

Wolf's retained lighting expert opined that although the lighting design in the area where Wolf fell met applicable code, there were shipping containers blocking the light so that the lighting fell below code.  LVGV argues there is no evidence that it placed the containers there,

knew they were present, or knew that they might cause the light in that area to fall below code. LVGV also contends there is no evidence that these conditions were continuous such that it would have constructive notice of the low lighting.

Wolf responds that LVGV's employee testified that the containers were there to store convention items and that more containers were added to the area after this incident. Wolf also contends that this area is darker than the rest of the parking lot, so LVGV was aware or should have been aware of the difference in lighting. Moreover, he contends LVGV allowed debris to remain around the containers, as shown by both his trip over a pallet, and his expert's report noting debris scattered in the area.

Under Nevada law, "a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). This includes a duty "to inspect the premises to discover dangerous conditions not known to [it] and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." *Twardowski v. Westward Ho Motels, Inc.*, 476 P.2d 946, 947-48 (Nev. 1970) (quotation omitted). The business may be liable where it or its agents caused the dangerous condition or where the business "had actual or constructive notice of the condition and failed to remedy it." *Sprague*, 849 P.2d at 322-23. Whether the business had constructive notice of the hazardous condition is "a question of fact properly left for the jury." *Id.* at 323.

Viewing the evidence in the light most favorable to Wolf, a reasonable jury could find that LVGV either placed the shipping containers there or knew or should have known they were present. A shift security manager for LVGV, Kevin Prentiss, testified that the containers were used to store items like lighting, rigging, and cables for the convention center. ECF No. 21-2 at 6-8. Prentiss testified that there were two containers present on the day of the incident and two

more were added after. *Id.* He also testified that other items such as chairs and signage were left outside the containers. *Id.* at 8. A post-fall picture shows a large shipping container that would be impossible to miss in a reasonable inspection of the premises. ECF No. 18-2; *see also* ECF No. 18 at 2 (overhead picture depicting two large shipping containers near the building). Consequently, a reasonable jury could find that LVGV either placed the shipping containers where they obstructed the lighting or knew or should have known about them based on a reasonable inspection of the premises. I therefore deny LVGV's motion for summary judgment on liability.

### B. Causation and Damages

LVGV argues that Wolf must have an expert on causation for his injuries, but he did not designate a retained expert or properly identify his treating physicians as non-retained experts. LVGV contends that without an expert opinion on causation, Wolf has no evidence of damages. Wolf responds that he adequately identified his treating physicians, and even if he did not, excluding their testimony would be too harsh a sanction under the circumstances so I should consider lesser sanctions.

Generally, treating physicians are not subject to Federal Rule of Civil Procedure 26(a)(2)(B)'s written report requirement because they are "percipient witness[es] of the treatment . . . rendered" rather than retained or specially employed experts. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011). A treating physician is exempt from the written report requirement only "to the extent that his opinions were formed during the course of treatment." *Id.* at 826; *see also Ghiorzi v. Whitewater Pools & Spas, Inc.*, No. 2:10-cv-01778-JCM-PAL, 2011 WL 5190804, at *3 (D. Nev. Oct. 28, 2011) (stating a written report is

not required where the "treating physician's opinions are formed during the course of treatment").

Although treating physicians may be exempt from Rule 26(a)(2)(B)'s written report requirement, they are subject to Rule 26(a)(2)(C)'s requirement to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Merely identifying "the subject matter on which the witness is expected to testify is insufficient to comply with the summary of facts and opinions requirement of Rule 26(a)(2)(C)." *Flonnes v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-cv-01065-APG-CWH, 2013 WL 2285224, at *5 (D. Nev. May 22, 2013).

"Rule 26(a)(2)(B) and Rule 26(a)(2)(C) share the same common purpose: to prevent unfair surprise and to conserve resources." *Alfaro v. D. Las Vegas, Inc.*, No. 2:15-cv-02190-MMD-PAL, 2016 WL 4473421, at *14 (D. Nev. Aug. 24, 2016). A defendant in a negligence case is "entitled to an expert disclosure from a non-retained expert, including treating providers, that specifies what opinions will be offered, and the factual bases for those opinions." *Id.* Although Rule 26(a)(2)(C) requires "considerably less" than Rule 26(a)(2)(B), "the disclosure must contain sufficient information to allow opposing counsel to make an informed decision on which, if any, of the treating providers should be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross examination of the witness at trial." *Id.*

When a party does not comply with its Rule 26(a) obligations, that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing exclusion of evidence bears the burden of showing that the failure to disclose was

substantially justified or is harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). To determine whether a violation is substantially justified or harmless, I consider factors such as: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Calvert v. Ellis*, No. 2:13-cv-00464-APG-NJK, 2014 WL 3897949, at *4 (D. Nev. Aug. 8, 2014). Failure to comply with Rule 26(a) does not automatically require me to exclude the evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Rather, I have broad discretion to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

Although I need not find willfulness or bad faith to impose the evidence preclusion sanction, they are factors to consider in deciding the appropriate level of sanction. *Hoffman v. Const. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008). But if the sanction amounts to dismissal of a claim, I "consider whether the claimed noncompliance involved willfulness, fault, or bad faith . . . and . . . the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).[1]

Wolf's designations of his treating physicians are inadequate. They consist of boilerplate statements that the treaters will "testify to the treatment rendered to [Wolf] and the facts, circumstances, and costs of the same." ECF No. 19-3 at 2-3. That does not identify what opinions each treating physician will offer or the factual bases for those opinions. Nor does it

---

[1] The Ninth Circuit recently clarified that a district court is not required to consider lesser sanctions where the noncompliant party fails to request them. *Merch. v. Corizon Health, Inc.*, --- F.3d ----, No. 19-36093, 2021 WL 1232106, at *5 (9th Cir. Apr. 2, 2021). Wolf argued in his opposition that a lesser sanction proportionate to the harm would be more appropriate, although he did not offer suggestions. ECF No. 22 at 11-12.

6

provide LVGV with sufficient information to make an informed decision whether to depose them.

Wolf has not shown that his failure was substantially justified.  If he intended to rely on his treating physicians to establish causation based on their comments in the medical records, he could have said so in his disclosures.  Wolf also has not shown harmlessness.  Although he contends LVGV was not prejudiced because it received all of his medical records and hired its own expert to review those records, LVGV did not depose any of the providers.  The burden was on Wolf to provide proper disclosures to inform LVGV's decisions about whom to depose.

However, the inadequate disclosures were not sufficiently prejudicial to LVGV to justify excluding the treating physicians, and lesser sanctions are available.  Exclusion is too harsh under the circumstances because it would, by LVGV's own argument, amount to dismissal of Wolf's claims. *See* ECF Nos. 19 at 2; 22 at 7-8.  There is no evidence of willfulness or bad faith to support case-ending sanctions.  Such a result would be particularly unwarranted given that LVGV's expert reviewed the medical records and opined that the fall caused an exacerbation of Wolf's pre-existing shoulder condition. ECF No. 22-6 at 6.  To effectively dismiss Wolf's claims for lack of evidence of causation where LVGV's own expert opines causation exists would be contrary to the public policy favoring disposition of cases on their merits.

Although I decline to exclude the treating physicians, the inadequate disclosures are sanctionable.  To mitigate any prejudice to LVGV, I extend the discovery deadline only to allow LVGV to depose up to two treating physicians if it chooses to do so.  Additionally, I will award LVGV its reasonable attorney's fees and costs for preparing the summary judgment motion on causation and damages because LVGV would not have had a basis to make that motion if Wolf had made proper disclosures.  The parties must confer about the amount of those fees and costs

by May 10, 2021.  If they agree on the amount, they shall file a stipulation.  If no agreement is reached, then LVGV may file a motion with supporting affidavits and appropriate documentation requesting reasonable attorney's fees and costs.  That motion shall be filed by May 21, 2021.  Wolf may file any opposition to the requested amount by June 4, 2021.

## II.  CONCLUSION

I THEREFORE ORDER that defendant LVGV, LLC's motion for summary judgment **(ECF No. 18) is DENIED**.

I FURTHER ORDER that defendant LVGV, LLC's motion for summary judgment **(ECF No. 19) is GRANTED in part**.  By May 10, 2021, the parties must confer about the amount of reasonable attorney's fees and costs that LVGV, LLC incurred in relation to this motion.  If they agree on the amount, they shall file a stipulation.  If no agreement is made, then by May 21, 2021, LVGV, LLC shall file a motion with supporting affidavits and appropriate documentation requesting reasonable attorney's fees and costs.  Wolf may file any opposition to the requested amount by June 4, 2021.

I FURTHER ORDER that discovery is reopened until May 21, 2021 solely for the purpose of defendant LVGV, LLC conducting the depositions of two treating physicians if LVGV chooses to do so.

I FURTHER ORDER that the proposed joint pretrial order is due by June 18, 2021.

DATED this 22nd day of April, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE